## OZASA v. ACHESON, Secretary of State.
### Civ. No. 10095-WM.

United States District Court
S. D. California, Central Division.

Nov. 14, 1950.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief of Civil Division, Arline Martin, Asst. U. S. Atty., all of Los Angeles, Cal., for defendant.

CAVANAH, District Judge.

The hearing in the present case relates only to the plaintiff George Y. Ozasa, who alleges in the complaint that he was born in the State of Oregon in 1921, and when about ten years of age was sent to Japan in 1932 to secure an education. In 1944 he was drafted into the Japanese Army and served therein not as his free and voluntary act, but involuntarily and as the result of coercion. He further charges that as an American citizen in 1949 he applied for a passport to return to the United States, which was illegally and unjustly denied by the United States in April, 1949 and approved by the State Department of the United States. He now asserts that the defendant be ordered to issue a passport to him as a citizen of the United States.

The evidence is voluminous and there does not appear much conflict of the material facts relating to the principal question here as to whether or not this plaintiff's American citizenship should be canceled by reason of his conduct and activities while in Japan. We find that he was born in the State of Oregon, and went to Japan in 1932, when he was of the age of ten and one-half years, to secure an education in the schools there, with the intention of returning to the United States to live with his parents at Los Angeles, California. While in Japan he attended school and registered at Waseka University in April, 1941, in Tokyo.

The laws of Japan then provided that if any person called for military service delayed entering the barracks for more than ten days without any legitimate reason, would be punished by imprisonment of six months, or less, and during wartime would be punished by imprisonment of one year, or less. He registered every two years as an American citizen with the intention of returning to the United States within three years and received a deferment. Each time he registered with the American Consul he reported to the Consul that he intended to return to the United States after a certain period and to remain in the United States permanently.

In February, 1943, during the war between the United States and Japan he received a conscription notice which he believed to be that he had been conscripted and complied with it because he was afraid of military imprisonment and punishment. This belief was formed in the atmosphere he was in and what he had learned had happened to others.

At the end of the war, upon the surrender of the Japanese, he attempted to return to the United States, and he thought to more readily return applied for employment and was employed by the Miho Air Forces of the United States Army in Japan and was so employed until his return to the United States in May, 1950, to be a witness in the instant case.

There seems to be no question under all of the evidence that this plaintiff's conduct and activities while in Japan was that he was coerced to enter the Japanese Army and did not do so of his own free will or voluntarily. Being conscripted and forced to enter the Japanese Army under the evidence means nothing but being coerced, and not of the free and voluntary act of the plaintiff. He was drafted into the Japanese Army.

Therefore, after an analysis of the evidence and the principles of law applicable to this case, the conclusion is reached that

this plaintiff is an American citizen, and that an order be issued by the defendant for a passport to him as prayed for in the complaint.

Findings and decree will be presented by the plaintiff's counsel in the manner provided for by the rules of the court.